2:26-cv-00380-AP

From: Satya Krishna Dasa #15350623

777 Stanton Blvd.

Ontario OR 97914

To: U.S. District Court, District of Oregon

1000 SW 3rd Ave

Portland Or 97204

Petition for Writ of Habeas Corpus

2/26/2026

I, Satya Krishna Dasa#15350623, petition this court for a Writ of Habeas Corpus to challenge my continued confinement at Snake River Correctional Facility, part of the Oregon Department of Corrections, on the following grounds:

1. Due Process
2. Cruel and Unusual Punishment
3. Equal Protection
4. ODOC's disregard for Oregon's Constitution

I am a lay person untrained in the law, so please take these papers as whatever needed to make an initial filing and grant me counsel.

I assert through these claims that multiple violations of the Oregon Constitution and the U.S. Constitution have occurred and continue to occur.

I am not challenging any State Court proceedings.

I also petition this court to assign me counsel and consider me a pauper. I have been granted pauper status in the past by a Federal Court and to my knowledge that status was never revoked.

I also petition this court to allow me to add claims, declarations, and evidence supporting claims.

To remedy these numerous Constitutional violations, I seek the following relief from this Court:

Release me from ODOC custody and void all my convictions.

Satya Krishna Dasa        signed 2/26/2026 _____

SRCIC3 Dasa, S 15350623

Snake River Correctional Institution

FEB 13 2026

*Assistant Superintendent*
*General Services*

3A01A

Oregon Department of Corrections

# Disciplinary Hearing

## Finding of Fact, Conclusion, and Order

| | |
|---|---|
| Offender Name: Dasa, Satya K | Case #: 2601 SRCI 0080 SRCI 40 |
| SID: 15350623 | Date(s) of Hearing: 02/11/2026, 01/21/2026 |

| Rules Charged | Plea |
|---|---|
| 4.05 - Disturbance | Deny |
| 2.10 - Disrespect I | Deny |

## Procedural Points

Adult in Custody (AIC) received a copy of the Misconduct Report, Notice of Hearing, Notice of Rights in a Hearing and Rules of Prohibited Conduct. The AIC acknowledged understanding the Misconduct Report and Rights in a Hearing.

On January 21, 2026, the Hearings Officer granted the AIC's request for investigation. The case was reconvened on February 11, 2026, and concluded.

AIC's request for witness(es) was denied because the proffered testimony would not constitute a defense to the charges nor substantially mitigate the rule violations.

The Hearings Officer considered the Confidential Information provided and found it to be believable.

A video recording of the incident was considered by the Hearings Officer. To maintain safety and security, the video was not viewed by the AIC.

## Finding of Fact

On January 19, 2026 at SRCI, AIC Dasa (SID #15350623) approached the Complex 3 Unit J (3J) officer's station in an agitated manner at approximately 12:30pm. AIC Dasa voice was elevated and the AIC demanded that Officer A. Bosier needed to provide him with the name of an officer so he could sue regarding toilet paper.

Officer Bosier informed AIC Dasa the officer did not know the officer's name. AIC Dasa raised his voice, stating, "I need toilet paper!" Officer Bosier advised AIC Dasa that Officer Bosier did not have any toilet paper at that moment and requested time so the officer could obtain some toilet paper.

AIC Dasa continued to yell, insisting that he needed toilet paper immediately and argued about whether Officer Bosier was ordering toilet paper. Other AICs offered AIC Dasa extra toilet paper, but AIC Dasa responded by yelling, "I don't need to get it from an inmate; that's what the officers are here for."

AIC Dasa's behavior was condescending toward other AICs causing disruption in the dayroom. The Complex 3 sergeant was notified, and AIC Dasa was placed in Disciplinary Segregation Unit.

There were approximately 70 AICs were present in the dayroom.

At the hearing on January 21, 2026, AIC Dasa requested video of the interaction. Hearings Officer DeCoria granted AIC Dasa's request. AIC Dasa requested counsel to be present and called witnesses at the same time. Hearings Officer DeCoria denied AIC Dasa's requests and explained the hearing was an administrative hearing and not a criminal hearing. Based on the video that was provided, witnesses were not necessary. AIC Dasa stated he was not causing a disturbance in the dayroom.

---

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

## Oregon Department of Corrections
# Disciplinary Hearing
## Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Dasa, Satya K | **Case #:** | 2601 SRCI 0080 SRCI 40 |
| **SID:** | 15350623 | **Date(s) of Hearing:** | 02/11/2026, 01/21/2026 |

### Finding of Fact

Confidential statements were provided.

Video and confidential information statements were provided.

Based on the evidence, AIC Dasa's actions created a hostile situation between the officer and other AICs in the dayroom.

### Ultimate Findings of Fact and Conclusions

On Rule 2.10, Disrespect I, the Hearings Officer is substituting the lesser included major rule violation of Rule 2.11, Disrespect II.

AIC directed hostile, sexual, abusive, or threatening language or gestures (verbal or written) towards or about another person in a manner or under circumstances that created a threat to the safety, security, or orderly operation of the facility, thereby, violating Rule 2.11, Disrespect II.

Rule 4.05, Disturbance, is dismissed due to insufficient evidence.

### Preliminary Order

AIC has had 0 major rule violation(s) in the past two years. Rule 2.11, Disrespect II, is on Level 4 of the Major Violation Grid.

| Rule | Charge |
|---|---|
| Disturbance | Dismissed |

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

## Oregon Department of Corrections
# Disciplinary Hearing
## Finding of Fact, Conclusion, and Order

**Offender Name:** Dasa, Satya K  **Case #:** 2601 SRCI 0080 SRCI 40
**SID:** 15350623  **Date(s) of Hearing:** 02/11/2026, 01/21/2026

| Rule | Charge | | | | | | |
|---|---|---|---|---|---|---|---|
| Disrespect II | Violation | | | | | | |
| | Sanctions | Begin Date | End Date | Days | Amount | Suspended Thru | Notes |
| | Loss of privileges | 1/19/2026 | 2/1/2026 | 14 | | | |

**Hearing Officer:** Decoria, Kevin D  *[signature]*  **Date:** 02/11/2026
**Functional Unit Manager:** *[signature]*  **Date:** 2·17·26
**Final Order:** [X] Approved  [ ] Order Hearing Reopened  [ ] Amended per below

Produced by DECORIAK On: 02/13/2026 08:22:28 AM   Page 3 of 3

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

To: Project Dove
PO Box 980
Ontario OR 97914

Mailed 1/8/26

I am seeking help from an advocate who can provide me with information about sexual assault/harassment I've experienced in my life. I am currently safe and do **not** want to move to a different cell, unit nor institution. With this letter I am not reporting a PREA issue. I've attempted to talk with staff, but now have serious doubt regarding trust/confidentiality. The main option I'm interested in is: "Support survivor at an investigatory interview related to sexual abuse", but I will **not** talk with an investigator who is: SRCI security staff, ODOC staff of any kind, nor anyone with even a remote connection to Oregon Criminal Justice. I also might be interested in a forensic medical exam, exam (not related to physical health, but instead mental health) if such an exam exists. I'm also interested in coping skills education and resources, referrals. If you setup a phone/video visit, in-person, I will not go to the visiting area @ SRCI

Dasa, Satya # 15350623

First, thank you for meeting with me on 06/04/25 to discuss the letter you sent dated 05/28/25.

I offered to attempt to address the question posed within the letter and our meeting was helpful.

You begin this letter with a concern about enrollment in the HPE 295 class. I see you are currently enrolled, and this class should be concluding shortly. I have attached a unofficial copy of your transcript. The WIP stands for Work in Progress.

You then listed Seven questions.

1. I'd like to have no contact with Pacheco for any reason.
That issue is resolved. Mr. Pacheco has moved to a new position and will no longer be at SRCI.

2. I want to be able to log into the FAFSA website.
I will check with Ms. Fitzgerald, as is sounded like there was a previous attempt to reset you username and password and get you on the site.

3. As stated during out meeting. I had spoken with Mr. Jones about your request. He seemed fine with returning your paper. As we discussed, professors have "Academic Freedom", and the retention of a required assignment falls within their rights. I will reach out to Mr. Jones and check on the status of your request.

    **Update:** Mr. Jones hopes to have the letter here (SRCI) on Friday – June 6th. I will ask Ms. Fitzgerald to see if she can get it to you by Monday (06/09/25).

4. Letter to Ms. Derrick, Director of Financial Aid for TVCC. First, I apologize that you unable to read my handwriting. If you get a kyte to me, I will deliver it to Ms. Derrick.

5. We failed to discuss your 5th question about TVCC being a "spc site." TVCC at SRCI is a "SCP" site. The SCP stands for Second Chance Pell site.
In July 2023 the "2nd Chance Pell, title was changed to PEP (Prison Education Program) as part of the FAFSA Simplification Act of 2020. This legislation in 2020, again, requires institutions to apply for approval to participate in Federal Aid programs for the incarcerated. TVCC is currently working to change the SRCI program from a "SCP site" to a "PEP site." This is required to continue to offer college classes at SRCI after January 2026.
Let me know if you have more questions about this, but as a "SCP" site, TVCC had to pay for books and materials for all classes. AIC funding can only be used for tuition and fees.

**PREA Sexual Abuse Advocacy (Support)**

After a sexual assault you may want to speak with someone who can assist you with what happens next. Whether you choose to have a forensic medical exam and report the assault to the institution or not, you can get help from an advocate. The advocate will help you by providing you with information about the process as well as provide emotional support. This help is called advocacy.

Advocates offer survivors information about the different options available to them and support a survivors' decision-making. Advocates do not tell survivors what to do. Advocates are committed to maintaining the highest possible levels of confidentiality in their communications with survivors.

*Oregon Department of Corrections has a ZERO TOLERANCE policy towards sexual abuse and sexual harassment of incarcerated persons*

| Institution | Community-Based Advocacy Center |
|---|---|
| CCCF, MCCF, OSCI, OSP, SCI | Center for Hope and Safety (CHS)<br>605 Center Street NE<br>Salem, OR 97301<br>1 (866) 399-7722 |
| CRCI | Call to Safety (formerly PWCL)<br>Advocacy Program<br>PO Box 42610<br>Portland, OR 97242<br>1 (888) 235-5333 |
| DRCI | Saving Grace<br>1004 NW Milwaukee Ave, Suite 100<br>Bend, OR 97701<br>1 (866) 504-8992 |
| EOCI | Domestic Violence Services (DVS)<br>PO Box 152<br>Pendleton, OR 97801<br>1 (800) 833-1161 |
| PRCF | May Day<br>1834 Main Street<br>Baker City, OR 97814<br>(541) 403-0291 |
| SCCI | Women's Safety & Resource Center<br>1681 Newmark Avenue<br>Coos Bay, Oregon 97420<br>1 (888) 793-5612 |
| SRCI | Project Dove<br>PO Box 980<br>Ontario, OR 97914<br>(800) 899-2000 |
| SFFC | Tillamook County Women's Resource Center (TCWRC)<br>PO Box 187<br>Tillamook, OR 97141<br>1 (800) 992-1679 |
| TRCI | Domestic Violence Services (DVS)<br>PO Box 152<br>Pendleton, OR 97801<br>1 (800) 833-1161 |
| WCCF | Lake County Crisis Center<br>PO Box 774<br>Lakeview, Oregon 97630<br>1 (800) 338-7590 |

### Role of Advocate

- Provide over-the-phone confidential support and crisis intervention related to sexual abuse
- Talk with a survivor about their current and ongoing safety
- Explain reporting options available through PREA
- Support survivor at a sexual assault forensic medical examination
- Support survivor at an investigatory interview related to sexual abuse, as requested
- Educate/teach survivor coping skills for healing from sexual abuse
- Provide resources and referrals
- Provide follow-up support

### An advocate's role is

- Not make decisions or tell a survivor what to do
- Not tell a survivor whether or not to report
- Not investigate a crime
- Not provide legal advice
- Not be a survivor's friend
- Not provide therapy
- Not communicate with the institution unless the survivor requests them to do so and only with a signed limited release of information

### Additional Resources 

Just Detention International Headquarters
3325 Wilshire Blvd., Suite 340
Los Angeles, CA 90010

# Oregon Department of Corrections

# Sexual Abuse Advocacy



## *How to Reach an Advocate*

Simply dial 711 or the telephone number listed from any adult in custody telephone. You will be connected directly to the local community-based advocacy center where the institution you are housed is located. There is no charge when calling 711 or directly dialing the numbers listed.

You may also write to an advocate at the address listed inside this pamphlet.

The advocacy centers listed are available to assist you. Regardless of the name of the advocacy center all of them provide sexual abuse support to people of all genders.

Questions about how to reach an advocate may also be directed to a SART member or the ODOC PREA Office.

\*\*Communications with community-based advocates are considered privileged as of the 2015 legislative session (House Bill 3476). ODOC telephone calls and mail with community-based advocates will be handled similar to legal calls/official mail.

If you feel you are in immediate danger, contact the nearest staff member or OIC.

Options for filing a report of sexual abuse:

- Contact the Inspector General Hotline by dialing 9 on the inmate telephone system.
- File a grievance
- File an anonymous report with an outside agency by writing to:
Governor's Office of Constituent Services
900 Court Street NE, Suite 254
Salem, Oregon 97301

*(Your letter will need to indicate at the beginning you wish to file a PREA allegation and remain anonymous.)*



Oregon Department of Corrections
PREA Coordinator
3601 State St.
Salem, OR 97301

4-2016



*In* *partnership with*

Oregon Coalition Against Domestic & Sexual Violence

From: Dasa # 15350623          7/31/25
777 Stanton Blvd.
Ontario OR 97914

TO: US Dist Court, Oregon
1000 SW 3rd Ave
Portland OR 97204

I am a lay person not trained in the law, so please take this as whatever filing needed to challenge/remedy ODOC's violations of my OR + U.S. Constitutional rights relating to the following:

On 7/29/25 Sgt Houle had me in C3 Admin area off-camera against my will for legal mail. After calling me an idiot, he got in my face to incite violence, but failed and I left.

On 7/30/25 I made 3 IG phone calls about this, and denying me medical care, and mentioned I want to talk to BHS about a PREA issue.

On 7/31/25 Cpt King had me in C2 Admin area off-camera against my will to question me, and record our talk. I said as little as possible, told him I want to talk to BHS about PREA and a lawyer. Less than 2hrs later Sgt Manery sent me to DSU, but would not tell me why. I've asked DSU Sgt Sanchez for a written copy of the accusation against me, for an IG ph call, to talk to BHS and for vegi meals because I'm Hindu. I've sent kytes to Cpt King and Cpt Jantz citing OR Const Art I Sect 11. My liberty is being denied for retaliation purposes.

7/31/25    Satya Krishna Dasa

# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

TO: Hearings DeCoria   Date: 1/22/26

State your issue in detail: I am sincerely requesting these alleged rule violations to be dismissed with prejudice, and to be given back my job and property, and returned to housing on 35 39B with Richard Webb.

If this is not agreeable, I am requesting counsel to be present as per U.S. v. MARION, and all Constitutional rights, i.e. confront my accuser, due process, question witnesses etc., and remedy without delay.
Thank you.

Also, the M.R. copy I was given had no case#, and neither box for ☐ approved ☐ denied was checked for "Prehearing Segregation," so why am I in DSU?

**AIC Committed Name (first middle last):** Satya Krishna Dasa
**SID#:** 15350623
**Housing Unit:** TRCI DSB 48

Response/Action Taken: _____

Date Received: _____   Referred To*: _____
Date Answered: _____   Signature of Staff Member: _____
*If forwarded, please notify the AIC

CD 214 (02/2020)

# OREGON DEPARTMENT OF CORRECTIONS
# AIC COMMUNICATION FORM

**FROM**

INSTITUTION: SRCI
AIC NAME: Satya Krishna Dasa
SID #: 15350623
UNIT/BUNK: DSB 48
ADDRESS:

**TO**

NAME: Hearings DeCaria
TITLE:
ADDRESS: Box B140

---

(Fold Here)

IG call 8/2/25 @ 8:00 am w/ Sgt Kropp

My name is Daga sid # 15350623

St v Tupper says when liberty is at issue due process must be satisfied. The following relates to my liberty + the process + ODOC staff violating my Constitutional rights.
On Jul 31 at approx 3:45pm I was cuffed up outside 3J under duress against my will by Sgt Mowery. I asked him to tell me why; he said no.
At about 4:00pm in DSU intake I was forced to show my naked body to Sgt Sanchez and 4 or 5 c/o's under duress against my will. I asked Sgt Sanchez for an IG call and written copy of the nature and cause of the accusation against me; I was given neither.
Multiple times on 7/31 + 8/1 I asked for IG call, no call was given.

This is viol of Art I Sect 11, due process, cruel + unusual punishment. Though I can't be sure, I believe it stems from the mtg w/ Cpt King @ 2:30pm on 7/31 when he demanded to know about a PREA issue. I tried to tell him as little as possible since I don't trust securing staff. I have a right to speak with a lawyer and make my mental health a priority before I cooperate with ODOC PREA policies, as per Art 1 Sect 34. I am no longer another's property forced to obey them.
I want to be housed with my cellie, Richard Webb back in 3J. I do not need protective custody. My PREA issue is w/ someone from Fall '24 who is no longer here. I don't need to be in DSU - I'm fine on mainline in 3J with Webb. Staying in DSU is violation of my OR + U.S. Const rights.

Copy Given to: 6/n Dana 2/2/25 @ 12:02pm for Dev Lt MacLean/Hart

I am requesting due process for my liberty being denied because on 2/31/25 I was taken from 3J to DSU by Sgt Mavery⊕. As per Art 1 Sect 11 I demand to know the nature and cause of the accusation against me and a copy in writing. To say "under investigation" or "admin seg" is not enough. I need details so I can defend myself. If nothing is given to me in writing please move me back with my ally, Richard Webb. I've written to Cpt Jantz + Cpt King for this also, but didn't have their BOX #'s so not sure if it will make it to them.
⊕ against my will under duress