UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SATYA KRISHNA DASA,                                  Case No. 2:26-cv-00380-AP

      Petitioner,                                      **ORDER OF DISMISSAL**

    v.

SNAKE RIVER CORRECTIONAL
FACILITY,

      Respondent.

_____

KASUBHAI, District Judge.

    Petitioner files this federal habeas action under 28 U.S.C. § 2254 and seeks to challenge certain conditions of his confinement. Petitioner did not pay the filing fee, and an action may proceed without payment of the fee only upon a properly completed Application for Leave to Proceed in Forma Pauperis (IFP). Regardless, Petitioner cannot obtain the relief he seeks in a federal habeas action, and this action is dismissed without prejudice to refile as a civil rights action.

    Petitioner alleges that his current confinement violates his constitutional rights to due process and equal protection of the law and the prohibition against cruel and unusual

**1    - ORDER OF DISMISSAL**

punishment. The Petition does not include factual allegations to support these claims (ECF No. 1), although an accompanying declaration clarifies that the claims relate to Petitioner's "treatment by ODOC since 2022." Pl.'s Second Decl. at 1 (ECF No. 4).

If Petitioner seeks to challenge the validity of his confinement or conviction and obtain his release from custody, this Petition is barred from review. Petitioner has already sought federal habeas review in this Court arising from his conviction, and an AIC may not file a second or successive petition without authorization from the relevant court of appeals. *See Dasa v. Nooth,* Case No. 2:14-cv-00698-JE; 28 U.S.C. § 2244(b)(3)(A). Petitioner does not indicate that the Court of Appeals for the Ninth Circuit has granted authorization to file a successive petition.

To the extent Petitioner challenges the conditions of his confinement, those claims are not cognizable in a federal habeas action and must be brought in civil rights action pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). If Petitioner seeks to pursue a civil rights action, his complaint must tell the Court: (1) the constitutional right he believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of his constitutional rights; and (5) what specific injury he suffered because of the individual's conduct. Petitioner is further advised that he cannot challenge the fact or duration of his confinement or obtain his release from custody in a civil rights action. *Id.*

## **CONCLUSION**

For the reasons explained above, this action is DISMISSED without prejudice to Petitioner's ability to bring a civil rights action. A Certificate of Appealability is DENIED on the

**2    - ORDER OF DISMISSAL**

basis that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 20th day of March 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

**3    - ORDER OF DISMISSAL**